UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00007-TBR
(Consolidated with 5:15-CV-00015-TBR)

ROBBIE EMERY BURKE, Administratrix                              PLAINTIFF
of the Estate of James Kenneth Embry

v.

LADONNA THOMPSON, *et al.*                                     DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court upon Plaintiff's motion to substitute "Mark Pfeifer, Administrator of the Estate of James Kenneth Embry" for "Robbie Emery Burke, Administratrix of the Estate of James Kenneth Embry" as the named Plaintiff in this action.   [DN 141.]   Defendant Steve Hiland responded.   [DN 144.] Additionally, the Court ordered the parties to file supplemental briefs regarding the effect of a Daviess County, Kentucky District Court ruling upon this case.   [DN 149.]   The parties filed their briefs, and the Daviess District Court issued its decision.   [DNs 150-154.]   The time for all other filings has passed, and Plaintiff's motion is ripe for adjudication.   For the following reasons, that motion [DN 141] is GRANTED.

## I. Facts and Procedural History

The Court previously summarized the facts of this case in some detail in its May 4, 2016 Memorandum Opinion and Order.   [DN 127.]   Although not all those facts are pertinent to the instant motion, the basics are as follows: James Kenneth Embry died of starvation and dehydration after refusing thirty-five of his final

thirty-six meals at the Kentucky State Penitentiary (KSP), where he was an inmate. [*Id.* at 1.] Following his death, the Kentucky Department of Corrections conducted a Critical Incident Review, which concluded that Embry's death "occurred as a result of a systemic failure at [KSP]." [DN 105-1 at 19.] Two federal lawsuits followed Embry's death. The first, *Pfeifer v. Thomson*, No. 5:15-CV-00007, was filed in this Court by Mark Pfeifer, who had been appointed administrator of Embry's estate by the Daviess District Court. The second, *Burke v. Correct Care Solutions, LLC*, 5:15-CV-00015, was also filed in this Court by the current named plaintiff, Robbie Emery Burke. She was appointed Embry's administratrix in Lyon County, where KSP is located.

Dr. Steve Hiland, one of the several remaining defendants in this suit, succeeded in having the Lyon County probate action dismissed because under Kentucky law, "[a] person's domicile is not changed by his involuntary confinement in a penitentiary." *Ferguson's Adm'r v. Ferguson's Adm'r*, 73 S.W.2d 31 (Ky. 1934). The Daviess District Court then proceeded to substitute Burke for Pfeifer in its probate action. Accordingly, this Court made the same substitution in Case No. 5:15-CV-00007, and then consolidated this case with No. 5:15-CV-00015. *See* [DN 75; DN 86.] After the Court consolidated the federal cases, the probate court swapped estate administrators a second time, substituting Pfeifer back in and relieving Burke of her duties. *See* [DN 142-3.] Based upon that substitution, Plaintiff's instant motion seeks to reinstate Pfeifer as Embry's representative in this action.

Such a motion would ordinarily be a routine matter.   However, this case has been complicated by Hiland's state-court motion to dismiss the Daviess District Court probate action for lack of jurisdiction.   In that motion, Hiland claimed that Embry was a resident of Henderson County, Kentucky at the time of his death.   As such, Hiland argued that the Daviess District Court lacked jurisdiction to appoint the administrator of Embry's estate.   In turn, Hiland repeatedly argued before this Court that because the state court had no authority to appoint an administrator, neither Burke nor Pfeifer possessed an interest in this case sufficient to confer upon them Article III standing.   Because the plaintiff must have standing in order for this court to have subject-matter jurisdiction, Hiland further claimed that if the Daviess District Court dismissed its probate action, this suit must also be dismissed.   *See generally* [DN 151.]   In response, Burke argued that if the Daviess District Court granted Hiland's motion to dismiss, either she or Pfeifer could re-open probate in Henderson County, and the doctrine of relation-back would allow the estate's federal pleadings to be amended accordingly.   *See generally* [DN 150.]

The Daviess District Court denied Hiland's motion to dismiss.   *See* [DN 154-1.]   The court held that Embry's domicile at the time of his death was Daviess County, "his childhood home as well as his home for many years as an adult."   [*Id.* at 7.]   Hiland is currently appealing that ruling to the Daviess Circuit Court.   *See* [DN 155.]

## II. Discussion

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).  Plaintiff argues that because the Daviess District Court substituted Pfeifer for Burke as administrator of Embry's estate, Burke's interest in the case before this Court has likewise been transferred to Pfeifer, warranting substitution of the named plaintiff under Rule 25(c).  In response, Hiland admits that "Burke will . . . possess an interest that is capable of being transferred to Pfeifer if the probate court determines it has jurisdiction over the Estate."  [DN 144 at 2.]  Hiland's arguments against substitution are instead centered upon his unwavering belief that the Daviess District Court does not have jurisdiction to appoint Embry's administrator, because Embry's last place of residence was Henderson County.

The Daviess District Court, however, held otherwise.  And because of that ruling, Hiland's arguments are now unavailing.  Under Kentucky law, ordinarily only final judgments of the lower court are appealable.  19 Ky. Prac., Appellate Prac. § 2:2 (2016 ed.).  Conversely, probate court orders that do not "finally adjudicate all the issues related to the probate of the estate" seem to be treated as non-appealable interlocutory orders.  *Goodman v. Goodman*, No. 2007-CA-001668-DG, 2008 WL 4182348, at *4 (Ky. Ct. App. Sept. 12, 2008); *see also* Ky. R. Civ. P. 54.01.  Because of this finality requirement, it is possible that Hiland's appeal to

4

the Daviess Circuit Court is not well-taken.   *See* KRS 24A.120(2)-(3); *Mullins v. First Am. Bank*, 781 S.W.2d 527, 528 (Ky. Ct. App. 1989) ("[T]he district court retains jurisdiction over the matter until such time as a will contest, or adversary proceeding, is commenced in the circuit court.").   However, that determination is wholly within the province of the state court.   Nevertheless, even if Hiland's appeal is premature (and it may not be), the Court could still proceed in this case.   Under Kentucky law, a notice of appeal does not automatically stay the enforcement of a judgment.   Ky. R. Civ. P. 62.03.

Put simply, for this Court's purposes, the Daviess Circuit Court's order is enough.   If at a later point in this case, the Court is made aware that the courts of the Commonwealth no longer hold that Daviess County was Embry's last domicile, this Court can easily revisit the issues thoughtfully raised by Hiland.   For now, though, this case will proceed with Pfeifer as the named representative of Embry's estate.   *See Person v. Fidelity & Cas. Co.*, 92 F. 965, 968 (6th Cir. 1899) (when state probate court orders substitution of estate administrator, proper for federal court to substitute as well).

5

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiff's motion to substitute parties [DN 141] is GRANTED. "Mark Pfeifer, Administrator of the Estate of James Kenneth Embry" shall be substituted for "Robbie Emery Burke, Administratrix of the Estate of James Kenneth Embry" as the named Plaintiff in this action.

A **telephonic scheduling conference** shall be held **March 7, 2017** at **11:30 a.m. Central time**.   Counsel must call **1-877-848-7030**, then give the access code **2523122 and #**, **then when prompted press # again** to join the call.

The parties shall confer with each other and **file an agreed scheduling order** with the Court by **February 24, 2017.**

CC: Counsel of Record